UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

RONDA VINCENT,[1]
      Appellant,

v.

DEPARTMENT OF THE NAVY,
      Agency.

DOCKET NUMBER
PH-0752-13-3983-I-1

DATE: August 23, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Ronda Vincent, Annapolis, Maryland, pro se.

Katharine E. Orlowski and Paul A. Walker, Fort Meade, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her furlough appeal for failure to prosecute. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *Navy Cyber v. Department of the Navy*, MSPB Docket No. PH-0752-14-0428-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        On May 31, 2013, the agency proposed to furlough the appellant, a Financial Management Analyst, for no more than 11 workdays due to "the extraordinary and serious budgetary challenges facing the Department of Defense . . . for the remainder of Fiscal Year . . . 2013, the most serious of which is the sequester that began on March 1, 2013."  Initial Appeal File (IAF), Tab 3 at 4, 11‑13.  The record includes a Standard Form 50 reflecting the appellant's furlough, effective July 8, 2013, on discontinuous days between July 8 and September 27, 2013.  *Id.* at 8.

¶3        The appellant filed a Board appeal challenging the agency's furlough action, but did not request a hearing.  IAF, Tab 1 at 2-3.  In a furlough procedures order, the administrative judge informed the appellant that her appeal had been consolidated with the appeals of similarly situated employees.  *Navy Cyber v. Department of the Navy*, MSPB Docket No. PH-0752-14-0428-I-1, Consolidation Appeal File (CAF), Tab 2.  In a close-of-record order, the administrative judge

ordered the appellant to file any additional evidence and argument in support of her appeal by July 9, 2014. CAF, Tab 4 at 3. The appellant did not respond to the close-of-record order. In an order to show cause, the administrative judge ordered the appellant to file a pleading by March 30, 2016, indicating whether she was still interested in pursuing her appeal. CAF, Tab 6 at 1. The administrative judge cautioned her that failing to follow Board orders could result in a dismissal for failure to prosecute and explicitly stated that, if she did not respond to the order, then he would presume she no longer wished to pursue her appeal, and would dismiss it for failure to prosecute. *Id.* She failed to respond to the order to show cause. CAF, Tab 8, Initial Decision (ID) at 1-2. The administrative judge then issued an initial decision dismissing the appeal for failure to prosecute. *Id.*

¶4      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not filed a response to the appellant's petition.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); 5 C.F.R. § 1201.43(b). Such a sanction should be imposed only when a party has failed to exercise basic due diligence in complying with Board orders, or has exhibited negligence or bad faith in its efforts to comply. *Leseman*, 122 M.S.P.R. 139, ¶ 6. Repeated failure to respond to multiple Board orders can reflect a failure to exercise basic due diligence. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011). Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman*, 122 M.S.P.R. 139, ¶ 6.

¶6      In *Leseman*, the appellant in another consolidated furlough appeal failed to appear for a scheduled status conference and prehearing conference, failed to submit a close-of-record submission, and failed to respond to the administrative judge's show cause order, despite being warned that her failure to participate in

the appeal could result in the dismissal of her appeal with prejudice. *Id.*, ¶ 7. The Board found that the appellant in *Leseman* failed to exercise due diligence in prosecuting her appeal because she failed to take any steps to pursue her appeal until she filed her petition for review, and the Board affirmed the administrative judge's decision to dismiss the furlough appeal for failure to prosecute. *Id.*

¶7　　　　The circumstances of the instant appeal are similar to those in *Leseman*. Because there is no evidence that the appellant took any steps to pursue her appeal until she filed her petition for review, and she was warned that her failure to respond to the order to show cause would result in the dismissal of her appeal for lack of prosecution, we find that the appellant did not exercise due diligence in prosecuting her appeal.

¶8　　　　In her petition for review, the appellant alleges that she did not receive the close-of-record order. PFR File, Tab 1 at 4-5. The appellant's assertions on review, without more, do not persuade us that the administrative judge abused his discretion in dismissing her appeal. Both the close-of-record order and the show cause order were served on the appellant via email through the Board's e-Appeal Online system. CAF, Tab 4 at 5, Tab 6 at 2. The appellant does not contend that she did not receive the order to show cause and does not provide any explanation for her failure to respond. Moreover, as a registered e-filer, the appellant consented to accept documents issued by the Board in electronic form. IAF, Tab 1 at 2; *see* 5 C.F.R. § 1201.14(e)(1). Under the Board's regulations, e-filers are responsible for ensuring that email from @mspb.gov is not blocked by filters, 5 C.F.R. § 1201.14(j)(2), and for monitoring case activity at the Repository at e-Appeal Online to ensure that they have received all case-related documents, 5 C.F.R. § 1201.14(j)(3). Additionally, Board documents served electronically on registered e-filers are deemed received on the date of electronic submission. 5 C.F.R. § 1201.14(m)(2). Thus, we find that the administrative judge properly exercised his discretion to impose a sanction under the circumstances of this case. *See* 5 C.F.R. § 1201.43.

¶9      For these reasons, we affirm the administrative judge's decision to dismiss the appeal for failure to prosecute.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.